Judgment for defendant on demurrer, with leave to the plaintiff to amend on payment of costs.

---

GEERY *a.* THE NEW YORK AND LIVERPOOL
STEAMSHIP COMPANY.

*Supreme Court, First District; Special Term, May,* 1861.

CAUSE OF ACTION.—COMPLAINT TO SETTLE LIABILITY OF STOCK-
HOLDERS.—JOINDER OF PARTIES.

It does not follow that in demanding a multiplicity of relief, a complaint is bad as stating more than one cause of action.

One who is a stockholder in a corporation, the stockholders in which have become personally liable for the corporate debts, and who is also a judgment-creditor of the corporation to an amount exceeding his liability as stockholder, may maintain an action against the corporation, its other stockholders, and its other creditors, to ascertain the rights and liabilities of the parties, and to set off his liability against his judgment, and to restrain other litigation among the parties and payments by the stockholders on their individual liability meanwhile.

The complaint in such an action should show that the plaintiffs were stockholders during all the time when the demands of the different creditors accrued. The time when the different stockholders acquired their stock, and the time when the demands of the creditors who are made defendants accrued, should be stated, or sufficient to show that all the defendants who are stockholders, are liable to contribute to the payment of the demands of some of the creditors, and that some of the stockholders are liable to contribute to all the demands of all the creditors.

It must also show the grounds on which the stockholders are individually liable for the corporate debts. An allegation that the judgment-creditors claim that the stock was not all paid in, &c., is not sufficient.

Demurrer to complaint.

This action was brought by the plaintiffs, who were judgment-creditors, and also stockholders of the New York and Liverpool United States Mail Steamship Company, against that company, the Balance Dock Company, another corporation, and James Brown and other defendants, some of whom were officers and stockholders, and some creditors, of the first-named corporation.

The contents of the pleadings are stated in the opinion.

*Wm. C. Noyes* and *E. Ketcham*, for plaintiffs.

*A. H. Green* and *J. Rankin, Jr.*, for the Balance Dock Company, defendants.

*J. R. Whiting* and *R. B. Potter*, for James Brown and others, defendants.

LEONARD, J.—Demurrers to the complaint by the New York Balance Dock Company, a judgment-creditor of the steamship company, and of James Brown and others, trustees, holding the title of certain property belonging to the said steamship company, who have been made parties defendant hereto.

The general object of the complaint appears to be—

I. To obtain a judgment declaring the liability of the plaintiffs, as stockholders in the steamship company, to be set off against their own demands as judgment-creditors of that company, to the extent of that liability.

II. To obtain the appointment of a receiver, and the transfer to him by the trustees, James Brown and others, of the assets of the steamship company, and an account by the trustees to ascertain the assets in their hands applicable to the payment of creditors.

III. To ascertain the creditors and the amount of the indebtedness of the steamship company, and to have the assets applied to the satisfaction of the demands of the creditors.

IV. To cause the stockholders of the steamship company to make up, by *pro-rata* contribution, the amount of the indebtedness remaining unpaid, to the extent of their personal liability, after exhausting the assets of the company.

V. In the mean time to restrain the creditors from proceeding to collect their judgments from any separate stockholders, and to prevent stockholders from paying, on account of their personal liability, to any creditors.

The plaintiffs' grounds of action are, that they are judgment-creditors, and also that a class of the defendants are such creditors; that the whole capital has not been paid in; that no certificate of the payment of the last instalment on stock subscribed for or taken has been recorded; that, therefore, under the act incorporating the steamship company, all the stockholders are "severally individually liable to the creditors of the said corporation to an amount equal to the amount of stock held by them respectively." Also, that the plaintiffs are themselves personally liable, as stockholders, to contribute to the payment of the debts of the steamship company.

The theory of the complaint is, that there is a common liability by a large number of stockholders, including the plaintiffs, to a large number of creditors, among whom are also the plaintiffs, and that these creditors are each about to bring separate actions, at a great expense, causing a multitude of actions which can, with propriety, be all considered and adjudicated together.

The Balance Dock Company claim, by their demurrer, that

they are improperly joined as a party defendant; that several causes of action are improperly joined; and that the complaint does not state facts sufficient to constitute a cause of action, either in favor of the plaintiffs against the said Balance Dock Company, or in favor of the dock company against any of the stockholders of the steamship company.

It must be observed that the plaintiffs are creditors by judgment for over $5,000, beyond their liability as stockholders.

If the demands of the creditors by judgment, who are made defendants herein, accrued at a period when all the defendants, who are alleged to be stockholders, were members and stockholders in the steamship company, there will then be a cause of action common in its nature to each of the creditors against the same parties.

There is also a common interest between the plaintiffs and all the creditors, if the plaintiffs were stockholders at a period when the demands of each of the creditors accrued. Some portion of the stockholders may not be liable to each of the creditors, because not stockholders till after some of the demands accrued.

Any stockholder who was such during the whole period when the demands of all the creditors accrued, would be liable to any of the creditors, under the personal liability clause of the charter. There may be and probably there are many such. Such a stockholder has a direct interest in compelling each other stockholder to contribute to such debts as they respectively stand liable for in common with himself.

Such an adjustment of liability is readily made. In this case it is alleged that the plaintiffs have been sued on account of their personal liability as stockholders, by one or more of the judgment-creditors, and other suits are also threatened to be prosecuted against them.

If the liability be fairly and equally assessed among all the stockholders, it will prevent a multitude of actions by creditors, prevent the payment of large sums by a few of the stockholders, and subsequent and interminable actions by those who have paid more than their equal share for contribution from those who have paid less.

These are some of the considerations calling for the equitable interposition of this court.

All the creditors and all the stockholders and creditors are interested in the inquiry as to the extent of the demands of the plaintiffs. The creditors have the right to put at issue the amount of the plaintiffs' demands. Both creditors and stockholders are interested in the amount of the percentage to which the stockholders shall be subjected on account of their respective personal liability, and the creditors, also, in the percentage which the personal liability of all the stockholders will produce towards the satisfaction of the debts of the steamship company, if the debts exceed the whole assets of that company and the personal liability of the stockholders.

The amount to which the plaintiffs will be entitled to claim a set-off, cannot be ascertained till these percentages are computed. The plaintiffs are not entitled to set off their whole liability against the judgment which they have recovered, if such set-off exceeds the percentage which other creditors will be entitled to.

It appears to me that there is but one cause of action set forth in the complaint, and of course no improper joinder of actions. It may be that some relief has been demanded as to which the plaintiffs will not succeed. It does not follow, however, that in demanding a multiplicity of relief, the complaint has embodied more than one cause of action.

Several kinds of equitable relief often flow legitimately from the same facts. Nearly all the facts alleged in the complaint, and all of the parties thereto, were necessary or proper, if the only relief asked for, or which could be granted, consisted of the subject of the set-off of the plaintiffs' personal liability against the judgment which they have recovered against the steamship company.

The defendants, James Brown and others, trustees, &c., also demur—

I. For defect of parties by the misjoinder of stockholders and creditors;

II. That the complaint does not state a cause of action against them. · .

The observations heretofore made, cover, substantially, the objections of these defendants, so far as they relate to the parties, and the general scope or object of the complaint.

These last-mentioned defendants appear to be stockholders,

as well as trustees holding the title of the assets of the steamship company, or some part thereof.

Having already held that the scope of the action was legitimate, it follows, of necessity, that the defendants, as trustees, must account for the assets alleged to be in their possession, and appropriate them for the benefit of the creditors.

There are, I think, some technical defects in the allegations of the complaint, which must be referred to in considering whether the complaint states facts sufficient to constitute a cause of action.

I. There is no allegation that the whole capital has not been paid, or that a certificate thereof has not been recorded. There is an allegation that all the judgment-creditors claim that the whole of the capital has not been paid in, and that the certificate has not been recorded. An allegation that a fact is claimed to exist, is not sufficient, when the existence of the fact is material to the plaintiffs' right of action.

II. The complaint does not show that the plaintiffs were stockholders during all the time when the demands of the different creditors accrued. The time when the different stockholders acquired their stock, and the time when the demands of the creditors who are made defendants accrued, should be stated; or sufficient to show that all the defendants who are stockholders, are liable to contribute to the payment of the demands of some of the creditors, and that some of the stockholders are liable to contribute to all the demands of all the creditors.

These facts, if they so exist, and can be so alleged with truth, will, I think, entitle the plaintiffs to the relief demanded, or to some part of it at least.

In arriving at the conclusion above indicated, I have not failed to consider the objection to the whole action arising out of the provision of the charter, that the stockholders shall be "severally individually liable," &c. I do not find the subject free from embarrassment.

The arrangement of the proportions, or the *pro rata* of the contributions of the several stockholders, does not interfere with the extent of their "several individual liability." This is not an action to recover against the stockholders jointly. No joint judgment is asked for, nor could such a judgment be ren-

dered, for that would render each stockholder liable for all the debts.

The relief sought consists, in part, in fixing the rate of contribution, before payment by any stockholder, on account of his personal liability, for the purpose of saving him from being made to pay, if sued by a creditor of the steamship company, a sum for which other stockholders were equally liable, and for which the stockholder so paying might afterwards compel contribution from others.

I do not understand that any stockholder can claim that the use of the word "several," in the charter, in connection with the personal responsibility of the stockholders, precludes the right of the party who has paid more than his *pro-rata* share of the debts of the corporation, from demanding contribution from the stockholder who has paid less.

It can hardly be sustained as a proposition that the fixing of the extent of the several liability of the stockholders as between themselves, creates a joint liability to the creditors, or any liability except a several one as provided by the charter.

The action is novel. Whether the relief sought will prove to be practicable, is not wholly clear. To some extent, at least, the relief sought may be obtained.

If, however, the *pro rata* established by the judgment sought should be less than the whole limit of the stockholders' liability, and the amount requisite to be raised for the payment of all the creditors should fail to be collected, by reason of the insolvency of some stockholder, or other cause, I am not able to see how the unsatisfied creditor can be precluded from pursuing any stockholder to the extent of the residue of his personal liability.

In order to finally stay all further actions by creditors of the steamship company against stockholders who have not responded to the full extent of their several or respective personal liability, each creditor must be fully paid off and satisfied, as it now appears to me from the best consideration I have been able to afford to the subject.

The right of the plaintiffs to maintain this action, so far as to have the set-off referred to above adjudged in his favor, to some extent at least, is, I think, clear; and for that purpose the persons who have been made defendants were necessary

parties. The other questions referred to can be discussed at the hearing more fully.

The omission of some technical averments before referred to, renders an amendment of the complaint necessary.

Judgment for the defendants on the said demurrers, with leave to the plaintiffs to amend their complaint as to the defendants, the Balance Dock Company, and James Brown and others, in thirty days.

The costs of the said defendants on these demurrers are to abide the event of the action.